Smith, J.
The petition of the plaintiffs avers that Doppes is the owner of lot 177, of Poor’s subdivision, and that Hubbell' and Fisher, as executors and trustees, own lot 225 of said'' subdivision. That about 1889 the Oity, by -its proper-boards and officers improved Powers street in said city from* Van Horn street (now Edgewood avenue) to Sylvan avenue,- and by ordinance duly passed, assessed the cost thereof on* the property abutting thereon, viz., the's.um of $5,016 on-each front foot of such abutting property. That there-was not a petition subscribed by three-fourths in interest of the owners of property abutting on said improvement', between said termini to the proper board for such improvement, and that lot 177, after the improvement was made,, had a fair market value of only $700, and that lot 225 had" a fine market value of only $200, and that Doppes and his-grantor paid on said assessments in 1890, $90.29; and in- *184 1891, $87.28; in 1892, $84.20, and in 1893, $81.26, and that Margaret Poor paid injil892, $84.27. And plaintiffs seek to enjoin the collection of the balance of the installments.
By an amendment to the petition, plaintiffs aver and for •a second cause of action say, that lot 177 has a frontage of 27.4 feet, and abuts lengthwise on said improvement 120 feet; that [lot 225 has a frontage of 25 feet, and abuts 'lengthwise upon said improvement 120 feet; that said lots were assessed for the said improvement as if the same each fronted 120 feet upon said improvement, whereas the same should have been assessed, respectively, for only 27.4 feet and 25 feet, ánd that all of said assessments in excess of the assessment upon 27.4 feet and 25 feat respectively, is invalid, and they pray to have said excess enjoined.
The defendants, by their answer, first admit the making of the improvement under the ordinance and the assessments as alleged, and deny all the other allegations in the first cause of action, and particularly aver that the property was of such value as to stand the assessment. They further aver that prior to the passing of the resolution declaring the necessity of such improvement or any action of the City in regard thereto, a petition was presented to the Oity by three-fourths in interest of the owners of property abutting on said improvement, being 360 feet of the whole 480,praying for said improvement; that on the faith of such petition, the City passed the ordinance and made the improvement in accordance with the petition; that the predecessors in title of Doppes and of Hubbell and Fisher signed said petition, and are estopped to set up their claim under the first cause of action. For answer to the second cause of action, defendants aver that lot 177fjfronts, bounds and abuts on Powers street, as improved, 120 feet, and lot 225 fronts, bounds and abuts thereon 120 feet.
A reply was filed for plaintiffs in the nature of a general *185 denial. This was not verified by the plaintiffs themselves,., but by their counsel.
The facts shown or agreed upon, as we- understand, are-substantially these: The part of Powers street improved in this proceeding is a single square in length, between Sylvan, avenue and Van Horn street, now Edgewood avenue, and' but four lots abut on Powers street, viz., 224, the Mayer-lot, and 177, the Doppes lot, on the north side; and 225, the Herron and Fisher lot, and -176, the Mookes lot,cn the-south side. Each of said four lots abuts 120 feet on Powers street, They are all corner lots, and 224 and 225 seem to front on Sylvan avenue, the first 27,4 feet and the other-25 feet. .Lots 177 and 176 seem to front on Edgewood avenue, the first 27.4 feet and the other 25. If there had, been no petition for the improvement, or other act done by the owners of these lots, to change their relation with the-City, it would seem that each of these lots could only, have-been assessed for this improvement under the doctrine of' the Haviland case, for their real frontages — that is, lot 225 for 25 feet and lot 177 for 27.4 feet. But the ■ fact is-that the owners of three, of these lots, representing themselves in the petition to be the owners of three-fourths of’ the property represented by the feet front abutting upon. Powers street between Van Horn street and Sylvan avenue,, petitioned for this improvement, and for the assessment for-the whole cost of such improvement, except the cost of intersections and two per cent , to be made and collected in -ten equal annual -installments.” * * * ‘‘And in consideration of the City making such improvement, we and each of us further agree with each other and with said City, and we jointly and severally bind ourselves to make good’ to the City any deficiency in the collectibility of the assessment caused by insufficiency of values of property of those-not signing this petition.”
This was signed by the owner of lot 176, 120 feet, by- *186 the owner of lot 177 for 120 feet, and by Herron and Fisher, owners of lot 225, thus: “Entire property on both sides of Powers street, between Sylvan avenue and the corporation line, and 120 feet between Sylvan avenue and Van Horn street, ” Over some part of this statement as to the property represented by Herron and Fisher is a cross-mark; when this was done or by whom does not appear. It is shown, however, that Powers street was improved under these separate petitions, one on a petition for the improvement of said street between Sylvan avenue and the corporation line. This petition was signed by Herron and Fisher only, and was for “entire property on both sides,” The second was the one already referred to, and the third was for that part of Powers street'between Van Horn street and the Coleram pike. This, too, was signed by Herron and Fisher. We think that when Herron and Fisher signed the petition in question in this case, or after it was done’, some one undertook to strike out that part of it which referred to all “the property on both sides of Powers street, between Sylvan avenue and the corporation line, ”as not ■being necessary in this petition. But as has been said •there is no explanation as to this, and we feel, quite sure Ihe petition was signed by the owners as it originally stood, and was not stricken out by them or by their authority before presentation to the City. It stood then as a petition for the improvement representing their property to be 120 feet, and that the petition was signed by three-fourths in interest of the property represented by the feet front abutting upon Powers street. And such was the case as to lots 225 and 177, the latter now owned by Doppes. We think therefore, on the authority of City of Cincinnati v. Manss, 54 Ohio St., 257, they are estopped to deny that they had the 120 assessable feet stated in their petition,and that this rule applies also to the other petitioners therefor, and consequently that they were properly assessed for the whole *187 120 feet. We also find that there was in this case [a [petition signed by three-fourths in interestjof the owners_of the property abutting on the improvement in the meaning of section 2272, Revised Statutes, and therefore, that] those signing said petition can not avail themselves of thejgeneral provision of the statutes that the assessment shall not exceed 25 per cent, of the value of the lot so abutting. They have consented to pay the whole thereof, except 2]percent. The petition will therefore be dismissed.
Theodore Horstman, for the Property Owners.
George H, Kattenhorn, for the City.